**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FILED

MAR 1 9 2009

U.S. DISTRICT COURT
ELKINS WV 26241

| | |
|---|---|
| LANCER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09cv 18 |
| | ) |
| VIP LIMOUSINE SERVICE, LTD.; | ) |
| GLEN M. LEE d/d/b VIP LIMOUSINE, | ) |
| LTD.; HUNTFIELD, L.C.; RYAN | ) |
| INCORPORATED CENTRAL; CHS | ) |
| TRAFFIC CONTROL SERVICES, | ) |
| INC.; CORPORATION OF CHARLES | ) |
| TOWN, WEST VIRGINIA; and DAVID | ) |
| SNYDER and MARY SNYDER, | ) |
| Personal Representatives of the Estate of | ) |
| Michael C. Snyder, deceased, | ) |
| | ) |
| Defendants. | ) |

FILED

MAR 1 9 2009

U.S. DISTRICT COURT
ELKINS WV 26241

## COMPLAINT

Plaintiff, Lancer Insurance Company, by and through its counsel, Malone Middleman, P.C., files the following complaint in declaratory judgment action:

1.   Plaintiff, Lancer Insurance Company (hereinafter referred to as "Lancer") is an Illinois corporation with its principal place of business located at 370 West Park Avenue, Long Beach, NY 11561.

2.   Defendant, VIP Limousine Service, Ltd. (hereinafter "VIP") is a Maryland corporation with its principal place of business located at 15700 Packard Drive, S.W., Cumberland, MD 21502.

3.   Defendant, Glen M. Lee d/b/a VIP Limousine, Ltd. is a West Virginia sole proprietorship.

4.   Defendant, Huntfield, L.C. (hereinafter "Huntfield"), is a West Virginia corporation doing business in West Virginia.

5.      Defendant, Ryan Incorporated Central (hereinafter "RIC"), is a Wisconsin corporation authorized to do business in West Virginia.

6.      Defendant, CHS Traffic Control Service, Inc. (hereinafter "CHS"), is a Maryland company doing business in West Virginia.

7.      Defendants, David Snyder and Mary Snyder are the duly appointed personal representatives of the Estate of Michael C. Snyder and are West Virginia residents.

8.      This declaratory judgment action is brought pursuant to U.S.C.S. §2201(a) which confers jurisdiction on this Court to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

9.      This action is also brought pursuant to West Virginia Code §55-13-1 which confers jurisdiction on this Court to declare rights, status and other legal relations whether or not further relief is or could be claim.

10.     There was in effect at all material times hereto, a policy of insurance between Lancer and VIP, known as policy number BA154552#2.

11.     A true and correct copy of the policy of insurance between Lancer and VIP is attached hereto as Exhibit "A".

12.     The remaining above identified defendants are interested parties to this declaratory judgment action in that they are all parties in an underlying, third party action identified as David Snyder and Mary Snyder, Personal Representatives of the Estate of Michael C. Snyder, Deceased v. Huntfield, L.C., et al., civil action number 06-C-243 pending in the Circuit Court of Jefferson County, West Virginia.

13.     A copy of the underlying third party action complaint is attached hereto as Exhibit "B".

2

14.    It is alleged in the underlying lawsuit that a motor vehicle accident occurred on July 19, 2004 which resulted in the death of Michael C. Snyder who was working as a flagman on a construction site and was allegedly struck by a motor vehicle operated by Lee Crawford.

15.    It is alleged in the underlying lawsuit that at the time of this motor vehicle accident, Lee Crawford was in the course and scope of his employment as a driver for VIP Limousine, Ltd.

16.    The motor vehicle in question is a 2004 Pontiac Sunfire owned by Sharon K. Wilson.

17.    It is alleged by the underlying third party plaintiffs that Heather Strachan, Lee Crawford and Sharon Wilson entered into a joint venture with one another and involving VIP to provide transportation services for profit.  It is alleged that Heather Strachan provided both managerial contribution and labor, Lee Crawford provided labor and driving skills, and Sharon Wilson provided the use of her 2004 Pontiac Sunfire to this joint venture.  It is further alleged that VIP also contributed to the joint venture and that one of the joint venture actions was for profit to transport individuals at the time of this motor vehicle accident.

18.    By letter dated May 5, 2005, Lancer disclaimed coverage to VIP and Glen Lee, owner of VIP on the basis that the 2004 Pontiac Sunfire was not a covered auto under the Lancer policy.

19.    A true and correct copy of the letter from Lancer to Mr. Lee dated May 5, 2005 is attached hereto as Exhibit "C".

20.    Subsequent to that denial of coverage, a complaint was filed and VIP provided a copy of the complaint to Lancer.

21.     Thereafter, by letter dated October 19, 2006 Lancer maintained its position that no coverage exists under the policy for this accident but agreed to provide a gratuitous defense due to the potential implication of an MCS-90 endorsement on the Lancer policy.

## COUNT I:  THE POLICY

22.     Lancer incorporates by reference as though fully set forth at length herein paragraphs 1 through 21 above.

23.     The policy issued by Lancer to VIP identified as BA154552#2 with effective dates of May 1, 2004 to May 1, 2005 indicates as follows:

> **SECTION II - LIABILITY COVERAGE** (CA 00 01 10 01) of the policy provides in pertinent part:
>
> **A.     Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> \* \* \*
>
> Your policy provides Liability and Collision Coverage for Covered Autos designated by symbol "7".  **SECTION I - COVERED AUTOS** of the policy provides:
>
> **A.     Description of Covered Auto Designation Symbols**
>
> 7 Specifically Described "Autos" -   Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

24.     The 2004 Pontiac Sunfire is not a "covered auto" under the policy at issue as it is not described in Item Three of the Declarations to the Policy.

4

25.   The policy also identifies who is an insured, and states as follows:

**SECTION II - LIABILITY COVERAGE**

**A.     Coverage**

1.   Who is an insured?

The following are "insureds":

(a)   You for any covered "auto".

(b)   Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1)   The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2)   Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3)   Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4)   Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5)   A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

(c)   Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

26.   The policy at issue is clear and unambiguous in that it defines a "covered auto" and who is an "insured".

27.   The 2004 Pontiac Sunfire motor vehicle involved in this accident and operated by Mr. Crawford was not a "covered auto" under the Lancer policy.

5

28.     Sharon K. Wilson, Heather L. Strachan, Lee James Crawford were not employees of VIP at the time of this motor vehicle accident.

29.     The Lancer policy precludes coverage for this loss to VIP, Glen M. Lee, Sharon K. Wilson, Heather L. Strachan, and Lee James Crawford.

30.     Because the 2004 Pontiac Sunfire was not a "covered auto" under the policy, Lancer's policy does not provide coverage to any party for this loss.

31.     The Lancer policy does not provide coverage to Glen M. Lee, Sharon K. Wilson, Heather L. Strachan or Lee James Crawford because they are not "insureds" under the policy issued by Lancer.

WHEREFORE, plaintiff, Lancer Insurance Company, respectfully requests this Honorable Court to enter an order finding that there is no coverage under its policy for any parties to the underlying third party action described herein and that Lancer does not owe a duty to defend or indemnify any of the parties described in the underlying third party action.

## COUNT II

32.     Lancer incorporates by reference as though fully set forth at length herein paragraphs 1 through 31 above.

33.     The Lancer policy at issue contains an MCS-90 endorsement.

34.     The MCS-90 endorsement requires an insurer to pay under the policy, within the limits of liability, for public liability resulting from the insured's negligence regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

35.     The MCS-90 endorsement is not insurance coverage per se.

36.    The MCS-90 endorsement does not obligate Lancer to defend the underlying third party lawsuit.

37.    The MCS-90 endorsement only stipulates that an insurer will pay any judgment awarded against an insured subject to the reimbursement from the insured.

38.    There are exceptions to the MCS-90 endorsement pursuant to 49 C.F.R. §387.27(b) which specifically exempts a motor vehicle providing taxi cab service and having a seating capacity of less than 7 passengers and not operated on a regular route or between specified points.

39.    The Pontiac Sunfire at issue here qualifies under this exception to the MCS-90 endorsement and therefore, the MCS-90 endorsement does not apply.

WHEREFORE, plaintiff, Lancer Insurance Company, respectfully requests this Honorable Court to enter an order finding that the MCS-90 endorsement is inapplicable as it relates to the underlying third party lawsuit and as such, Lancer is not obligated to pay any amount or judgment pursuant to the MCS-90 endorsement in the event there is a judgment against VIP, Glen M. Lee, Sharon K. Wilson, Heather L. Strachan and/or Lee James Crawford.


Respectfully submitted,

MALONE, MIDDLEMAN, P.C.


By: _____
Vicki H. Mortimer, Esquire
WV ID # 5218
Attorney for Plaintiff,
Lancer Insurance Company