10/10/2006 15:08 FAX 3046225065      ROBINSON MCELWEE                      ☒002

RECEIVED
JUL 18 2006
JEFFERSON COUNTY

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

David Snyder and Mary Snyder,
Personal Representatives of the
Estate of Michael C. Snyder, Deceased
    Plaintiffs

vs.                                         Civil Action No. 06-C-___

Huntfield, L.C., a limited liability company;
Ryan Incorporated Central, a Wisconsin corporation;
CHS Traffic Control Services, Inc., a Maryland corporation;
V.I.P. Limousine Service, Ltd., a Maryland corporation;
Glen M. Lee dba V.I.P. Limousine Ltd., a West Virginia sole proprietorship;
Sharon K. Wilson;
Heather L. Strachan;
Lee James Crawford; and
Corporation of Charles Town, West Virginia
    Defendants

### COMPLAINT FOR WRONGFUL DEATH

Come now David Snyder and Mary Snyder, personal representatives of the Estate of Michael C. Snyder, deceased, and respectfully allege as follows:

1.  Plaintiffs David Snyder and Mary Snyder are the duly appointed personal representatives of the Estate of Michael C. Snyder.

2.  Defendant Huntfield, L.C., is a corporation doing business in West Virginia.

3.  Ryan Incorporated Central is a Wisconsin corporation authorized to do business in West Virginia.

1

EXHIBIT
B

4. CHS Traffic Control Services, Inc., is a Maryland company doing business in West Virginia but not authorized to do business in West Virginia.

5. Defendant CHS Traffic Control Services, Inc., represented itself as and was a company regularly working in West Virginia and regularly employing other persons in West Virginia, and was thus required to subscribe to the West Virginia Workers Compensation Fund.

6. On information and belief, Defendant CHS Traffic Control Services, Inc. failed to subscribe to the West Virginia Workers Compensation fund and failed to pay premium taxes into such fund as required by Chapter 23 of the West Virginia Code. Defendant CHS Traffic Control Services, Inc., therefore lost its immunity to suit by its employees for accidents causing injury or death to its employees in this State, and lost its common law defenses.

7. Defendant CHS Traffic Control Services, Inc., Defendant Ryan Incorporated Central; and Defendant Huntfield L.C., were engaged in a joint venture.

8. On information and belief, Defendant Glen M. Lee is the owner and operator of V.I.P. Limousine, Ltd., a sole proprietorship located in Martinsburg, West Virginia.

9. On information and belief, Defendant V.I.P. Limousine Service, Ltd. is a Maryland corporation not authorized to do business in West Virginia. Defendant Glen M. Lee is the owner, operator, and registered agent for V.I.P. Limousine Service, Ltd. in Maryland.

10. On information and belief, Defendants V.I.P. Limousine Service, Ltd., and Glen M. Lee as sole proprietor of V.I.P. Limousine, Ltd., operate as a single entity, share services and equipment, and do not observe the requirements for maintaining separate legal identities and will henceforth be known as Defendant V.I.P. Limousine.

11. Defendant V.I.P. Limousine employed Defendant Lee James Crawford, a resident of Keyser, West Virginia, to serve as a driver.

12. In April 2004, Defendant Huntfield, L.C., developer of a large subdivision on the southern side of the city of Charles Town, obtained a permit from the West Virginia Department of Transportation Division of Highways to construct a left-turn lane on Augustine Avenue into Huntfield subdivision. Design and construction of such left-turn lane and related improvements were a condition placed upon Huntfield, L.C. by the Division of Highways to obtain future building permits for its subdivision.

13. Defendant Huntfield, L.C. hired Defendant Ryan Incorporated Central, a to serve as general contractor for this roadway improvement project on Augustine Avenue in Charles Town, Jefferson County, West Virginia.

14. Defendant Ryan Incorporated Central subcontracted with Defendant CHS Traffic Control Services, Inc., to provide traffic control services for the roadway improvement project on Augustine Avenue in Charles Town, Jefferson County, West Virginia.

15. Defendant CHS employed decedent Michael C. Snyder as a flagman on the roadway improvement project on Augustine Avenue in Charles Town, Jefferson County,

West Virginia.

16.   In the scope of his duties for VIP Limousine on July 19, 2004, Defendant Crawford undertook to transport a juvenile from Jefferson County, West Virginia, to the Grafton School in the Commonwealth of Virginia. Upon information and belief, transportation of said juvenile by V.I.P. Limousine was conducted pursuant to a contract with the West Virginia Department of Health and Human Resources.

17.   On July 19, 2004, Defendant Lee James Crawford drove a 2004 Pontiac Sunfire car owned by Defendant Sharon K. Wilson, a resident of Keyser, West Virginia, to fulfill his duties as an employee for V.I.P. Limousine.

18.   On information and belief, Defendants Heather Strachan, Lee James Crawford, and Sharon K. Wilson entered into a joint venture agreement with one another and involving VIP Limousine to provide transportation services for profit. Defendant Heather Strachan provided both managerial contributions and labor; Defendant Lee James Crawford provided labor and driving skills, and Defendant Sharon K. Wilson provided the use of her 2004 Pontiac Sunfire to this joint venture. VIP Limousine also contributed to the joint venture. One of the actions of the joint venture for profit was to transport said juvenile from Jefferson County, West Virginia, to the Grafton School in the Commonwealth of Virginia.

19.   On July 19, 2004, decedent Michael C. Snyder was directing traffic as a flagman on Augustine Avenue, in Charles Town, Jefferson County, West Virginia, in connection

4

with the construction project to widen the roadway in the area in front of Huntfield subdivision.

20. The roadway approaching the construction site from the north was marked by signage over the course of approximately one-half mile prior to Mr. Snyder's location as follows:

    a) one large orange sign marked "Road Work Ahead";

    b) one large orange sign marked "Shoulder Work Ahead";

    c) a large sign with a flagman silhouette on it

    d) a number of orange barrels along the roadway edge.

Moreover, Michael C. Snyder wore a bright vest, and was standing near a sign marked "Stop/Slow."

21. At approximately 10:14 on the morning of July 22, 2004, Defendant Lee Thomas Crawford was driving the Pontiac Sunfire automobile bearing West Virginia registration 6HL990. The aforesaid vehicle was owned by Defendant Sharon K. Wilson of Keyser, West Virginia, and was operated as part of the joint venture.

22. Michael C. Snyder was acting lawfully and keeping a proper lookout and watching traffic both from the south and north.

23. Defendant Crawford struck Michael C. Snyder with the Pontiac Sunfire, causing him fear, severe injuries, pain and suffering, and killing him.

5

## COUNT ONE

24. Plaintiffs incorporate by reference paragraphs 1 through 23 of the Complaint as if fully rewritten.

25. In order to obtain building permits to continue its subdivision, Defendant Huntfield, L.C., contributed land, authorized, and paid for the roadway widening construction project on Augustine Avenue.

26. Defendant Huntfield, L.C., had a duty to provide for the safety of contractors and contractors' employees working on the roadway widening project.

27. Defendant Huntfield, L.C., breached its duty by not enforcing proper safety measures and by not maintaining a safe work place for contractors and contractors' employees on the construction site, and was otherwise negligent in its conduct.

28. The negligence of Defendant Huntfield, L.C., was a proximate cause of the fear, severe injuries, pain and suffering, and death of Michael C. Snyder.

29. As a direct and proximate result of Defendant Huntfield L.C.'s negligence, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

6

## COUNT TWO

30. Plaintiffs incorporate by reference paragraphs 1 through 29 of the Complaint as if fully rewritten.

31. Defendant Ryan Incorporated Central was the general contractor hired by Huntfield, L.C. for the roadway widening project on Augustine Avenue.

32. Defendant Ryan Incorporated Central had a duty to maintain a safe construction site for the public, for employees, for subcontractors, and for subcontractors' employees. As part of this duty, Defendant Ryan Incorporated Central had a duty to ensure that O.S.H.A. and other work place safety rules and regulations were followed.

33. Defendant Ryan Incorporated Central breached its duties by not maintaining a safe work environment on the construction site and by failing to comply with O.S.H.A. workplace safety rules and regulations, and was otherwise negligent in its conduct.

34. Defendant Ryan Incorporated Central's negligence was a proximate cause of the fear, severe injuries, pain and suffering, and death of Michael C. Snyder.

35. As a direct and proximate result of Defendant's negligence, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

## COUNT THREE

36. Plaintiffs incorporate by reference paragraphs 1 through 35 of the Complaint as if fully rewritten.

37. Defendant CHS Traffic Control Services, Inc., was a subcontractor on the roadway widening project of Augustine Avenue.

38. Defendant CHS Traffic Control Services, Inc.'s, role as subcontractor included conducting traffic management for the roadway widening project.

39. Defendant CHS Traffic Control Services, Inc., had a duty to provide for the safety of the public traveling through and around the construction site and a duty to provide for the safety of its employees and for following O.S.H.A. and other work place safety rules and regulations.

40. Defendant CHS Traffic Control Services, Inc., breached this duty and was negligent for failing to maintain a safe work site for its employee Michael C. Snyder, and was otherwise negligent in its conduct.

41. Defendant CHS Traffic Control Services, Inc.'s negligence was a proximate cause of the fear, severe injuries, pain and suffering, and death of Michael C. Snyder.

42. As a direct and proximate result of Defendant's negligence, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

8

## COUNT FOUR

43. Plaintiffs incorporate by reference paragraphs 1 through 42 of the Complaint as if fully rewritten.

44. Defendant Crawford was inattentive, drove at an excessive speed for the conditions then and there existing, drove recklessly, and failed to keep a proper lookout. Immediately prior to impact, Defendant Crawford was groping for his "spit cup" on the floor while looking down and not watching the road.

45. Defendant Crawford was negligent, grossly negligent, reckless and driving with criminal indifference to civil obligations.

46. Defendant Crawford's negligence, gross negligence, and recklessness caused the vehicle driven by Defendant Crawford strike Michael C. Snyder, causing fear, severe injuries, pain and suffering, and his death.

47. As a direct and proximate result of Defendant's negligence, gross negligence, and recklessness, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

## COUNT FIVE

48. Plaintiffs incorporate by reference paragraphs 1 through 47 of the Complaint as if fully rewritten.

9

49. Defendant V.I.P. Limousine employed Defendant Crawford as a driver on July 19, 2004.

50. Defendant Crawford was operating a vehicle in the scope of his duties when he struck and killed Michael C. Snyder.

51. Under the doctrine of respondeat superior, Defendant V.I.P. Limousine Ltd. is liable for the negligence of Defendant Crawford and the subsequent fear, severe injuries, pain and suffering, and death of Michael C. Snyder.

52. As a direct and proximate result of Defendants' negligence, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

## COUNT SIX

53. Plaintiffs incorporate by reference paragraphs 1 through 52 of the Complaint as if fully rewritten.

54. Defendants Sharon K. Wilson, Heather L. Strachen, and Lee James Crawford were at all material times associated to carry out a single business enterprise for profit, for which purpose they combined their property, money, effects, skill, and knowledge.

55. The joint venture of Defendants Sharon K. Wilson, Heather L. Strachen, Lee James Crawford, and VIP Limousine is liable through the doctrine of respondeat superior for the negligence of one of its members, Defendant Lee James Crawford.

56. The negligence of Defendant Crawford was the proximate cause of Michael C. Snyder's fear, severe injuries, pain and suffering, and death.

57. As a direct and proximate result of Defendants' negligence, Plaintiffs are entitled to recover the reasonable funeral, hospital, and medical expenses; loss of reasonably expected income; and solace including loss of society, companionship, comfort, guidance, kindly offices and advice, services, protection care and assistance by Michael Snyder.

## COUNT SEVEN

58. Upon information and belief, Defendant Corporation of Charles Town and its employees and agents entered into an agreement to provide a police officer and police vehicle for traffic control at the construction site described herein.

59. Your Plaintiffs sought through Freedom of Information Act requests and meetings with Defendant City of Charles Town officials and employees records and agreements to determine whether the City or its agents, employees or equipment were obligated by written or oral agreement, or otherwise, to provide a police officer and police vehicle at or around the construction site on July 19, 2004.

60. Defendant City was unable to produce documents and agreements related to July 19, 2004 and claimed the agreement had been taken to Myrtle Beach, South Carolina with the retired Chief of Police but the City has never produced such documents or records to Plaintiffs or their counsel. Upon information and belief, Defendant Corporation of Charles Town, its agents and employees, acting within the scope of their employment,

11

TOTAL P.014
10/10/2006 15:10 FAX 3046225065    ROBINSON MCELWEE    ⌀013

acted negligently and failed to keep the public road open, in repair and free from nuisance.

61. Plaintiffs allege that if it be determined that the City, its agents or employees had such an agreement to provide safety, equipment and protection on 7/19/04, the City, its agents and employees failed to provide the safety, equipment and protection on 7/19/04 and breached their obligations, were negligent and grossly negligent in so doing and that such negligence was a proximate cause of the collision and Plaintiff's injuries and death.

WHEREFORE, Plaintiffs pray that they recover judgment against the Defendants jointly and severally for compensatory and punitive damages plus pre and post judgment interest, attorney fees and cost.

David Snyder and Mary Snyder, Personal
Representatives of the Estate of Michael C. Snyder
By Counsel

*/s/ Samuel Byrer* — WV State Bar ID #571
Peter A. Pentony — WV State Bar ID #7769
Andrew C. Skinner — WV State Bar ID #9314
NICHOLS & SKINNER, L.C.
P.O. Box 487
Charles Town, WV 25414